UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marko Busic and Adil Shaikh, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> Orphazyme A/S, Christophe Bourdon, Anders Vadsholt, Kim Stratton, Thomas Blaettler, Molly Painter, Georges Gemayel, Bo Jesper Hansen, Martin Bonde, Rémi Droller, Sten Verland, Martijn Kleijwegt, Anders Hedegaard, Catherine Moukheibir, and Carrolee Barlow, <br><br> Defendants. | Case No. 1:21-cv-03640-GSF <br><br><br> HONORABLE GARY S. FEINERMAN |

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF THE MOTION TO STRIKE THE
<u>DECLARATION OF MATTHEW L. KUTCHER</u>**

**INTRODUCTION**

Defendants attached over 500 pages of Exhibits to the Declaration of Matthew L. Kutcher ("the Kutcher Declaration") in support of their Motion to Dismiss. ECF No. 28. Except for a handful of perfunctory footnotes that pertain to only some of the Exhibits contained in the Kutcher Declaration, Defendants make no effort to explain why the Court should consider the entirety of this document dump. It is well-settled that perfunctory, undeveloped arguments that are either unsupported by legal authority or lack analysis are waived. *See e.g.*, *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Kenall Mfg. Co. v. Cooper Lighting, LLC*, No. 17 C 4575-GSF, 2020 U.S. Dist. LEXIS 125288, at *13-15 (N.D. Ill. July 7, 2020) (oblique references to a basis for dismissal are not considered); *Baldwin v. Vill. of Evergreen Park*, No. 19 C 5439-GSF, 2020 U.S. Dist. LEXIS 66942, at *6-7 (N.D. Ill. Apr. 16, 2020) (failure to properly present a developed legal analysis results in forfeiture); *Advantage Futures LLC v. Herm LLC*, No. 18 C 2005-GSF, 2019 U.S. Dist. LEXIS 133987, at *11-12 (N.D. Ill. Aug. 8, 2019) (failure to support argument with legal authority results in forfeiture); *Yotis v. Oxford Bank & Tr. (In re Yotis)*, No. 18 C 5396-GSF, 2019 U.S. Dist. LEXIS 85964, at *7-8 (N.D. Ill. May 22, 2019) (failure to cite supporting authority for an argument constitutes abandonment).

The Court should strike the Kutcher Declaration and all of its Exhibits for this failure. *See Serv. Women's Action Network v. Mattis*, 352 F. Supp. 3d 977, 992 n. 4 (N.D. Cal. 2018) (rejecting the defendant's attempt to include "at least fifteen footnotes of various links for the court to accept as true for the purposes of a motion to dismiss … without properly requesting the Court to judicially notice these documents"); *In re Juno Therapeutics, Inc.*, No. C16-1069RSM, 2017 U.S. Dist. LEXIS 91608, at *17 n.2 (W.D. Wash. June 14, 2017) (castigating defendants for

"flood[ing]" the docket with "hundreds of pages of evidence," including medical journal articles, in a securities fraud action).

Should the Court choose to give Defendants a pass, at a minimum, it should not consider the Exhibits specifically challenged herein because they are not subject to judicial notice or incorporated by reference into the Amended Complaint. In *Khoja v. Orexigen Therapeutics, Inc.*, the Ninth Circuit condemned the abusive use of exhibits at the pleadings stage in securities fraud cases where defendants can hide documents pursuant to the discovery stay of the Private Securities Litigation Reform Act, but simultaneously flood the court's docket with inappropriate evidence to try to improperly topple cognizable claims. 899 F.3d 988, 998 (9th Cir. 2018) ("This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which plaintiffs do not yet have access."). Still, the abuse persists, and this case is yet another textbook example of abuse since the Exhibits contained in the Kutcher Declaration are misused "to present [Defendants'] own version of the facts at the pleading[s] stage." *Id.* at 999.

## ARGUMENT

### I. Exhibit 1 – Registration Statement

Plaintiffs challenged two statements in the Registration Statement as materially misleading. ¶¶57-60.[1] This does not mean that the entire Registration Statement is subject to judicial notice or incorporated by reference into the Amended Complaint. *See DalPoggetto v. Wirecard AG*, No. CV 19-0986 FMO (SKX), 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (rejecting the claim that Annual Reports filed with the SEC were incorporated by reference in full merely because plaintiffs challenged some false statements from them in their complaint); *see also*

---

[1] Citations to "¶__" and "¶¶__" are references to the numbered paragraphs of the Amended Complaint.

2

*In re: John Alden Fin. Corp. Sec. Litig.*, CASE NO.: 95-0830-CIV-NESBITT, 1996 U.S. Dist. LEXIS 22360, at *12-13 (S.D. Fla. Sep. 4, 1996) (refusing to incorporate by reference a prospectus and annual report that were not attached to the complaint, because "it would be improper to consider matters beyond the complaint in the context of [a] motion to dismiss").

While judicial notice may generally be granted for publicly available SEC forms like Exhibit 1, it is inappropriate to take judicial notice for the truth of their contents. *See Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) (affirming decision not to take judicial notice of disputed facts contained in an Annual Report filed with the SEC on Form 10-K); *see also Khoja*, 899 F.3d at 1000-1008 (reversing dismissal based on an improper application of judicial notice and the incorporation by reference doctrine where the district court repeatedly assumed the truth of disputed facts contained in defendants' SEC filings).

Here, Defendants repeatedly rely on unsubstantiated assertions contained in their own self-serving and materially misleading SEC filings for the truth. *See e.g.*, Defs.' Mem. at 2, 5, 8 (relying on the misleading Registration Statement to repeat an evidence-free claim that the flawed post-hoc analysis was "conducted in agreement with the FDA."); *but see In re PTC Therapeutics, Inc., Sec. Litig.*, No. 16-1124 (KM) (MAH), 2017 U.S. Dist. LEXIS 137930, at *34-35 (D.N.J. Aug. 28, 2017) (observing that "post-hoc adjustments to clinical data are no substitute for a well-controlled clinical trial meeting its primary efficacy and statistical significance endpoints."); Defs.' Mem. at 4 ("ORPH estimates that there are approximately 1,800 individuals with NPC in the U.S. and Europe."); Defs.' Mem. at 5 (roaming far afield from the allegations to discuss miglustat's approval in other countries); Defs.' Mem. at 6-9 (discussing own misleading statements to present misleadingly favorable version of the facts); *but see In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1409-10 (9th Cir. 1996) (noting that alleged "disclosures" contained in defendants' own prospectus

3

constituted a "truth on the market" defense, a fact-intensive defense that a defendant must prove with a heavy burden and one that is not available at the pleadings stage).

It is obvious that Defendants are simply leaning on the Registration Statement to introduce their self-serving, and likely false, version of the facts. *See Puskala v. Koss Corp.*, 799 F. Supp. 2d 941, 955 (E.D. Wis. 2011) (ruling that "when plaintiff cites the articles in his briefs, he is quite clearly seeking to use them for the truth of the matters asserted, in that he points to the events recounted in the articles as evidence of [scienter] . . . Thus, plaintiff's representation that he is not offering these articles for the truth of their contents is simply false.").

For these reasons, the Court should strike Exhibit 1 in its entirety.

**II.     Exhibit 4 – Bank of America Analyst Report**

There is no credible argument that the Bank of America Analyst Report is incorporated into the Amended Complaint. Plaintiffs never discussed or cited it. *See In re NeoPharm, Inc.*, No. 02 C 2976, 2003 U.S. Dist. LEXIS 1862, at *8 (N.D. Ill. Feb. 7, 2003) (refusing to consider exhibits that were "not explicitly mentioned in the [c]omplaint."). Courts also do not take judicial notice of analyst reports to resolve disputed issues of fact. *City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, No. 13-C-1159, 2015 U.S. Dist. LEXIS 41917, at *10-11 (E.D. Wis. Mar. 31, 2015) (refusing to take judicial notice of analyst reports because they are not beyond reasonable dispute); *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1282-83 (C.D. Cal. 2016) (refusing to take judicial notice of analyst reports not cited in the complaint).

Defendants seek to insert the Bank of America Analyst Report to propose an alternative interpretation of the extremely misleading statements that Defendant Anders Vadsholt ("Vadsholt") directly made to different analysts at Cowen and Company. Defs.' Mem. at 9-10 & n.5, 23 n.13. Even their chosen authority did not condone this abuse. *Compare* Defs.' Mem. at

10 n.5 *with SEC v. Ustian*, 229 F. Supp. 3d 739, 772-73 (N.D. Ill. 2017) (ruling that defendants' analyst reports only created additional issues of fact concerning materiality that could not be decided on a motion to dismiss).

Exhibit 4 should be struck.

### III.     Exhibit 5 – Stock Price Chart

Defendants did not submit this chart simply to inform the Court about the Company's daily stock prices. Instead, Defendants use this Exhibit to argue that the decline in the Company's stock price weeks or months after the statement was made shows that investors were not misled to believe that approval of arimoclomol was imminent. Defs.' Mem. at 23. This is both an abuse of judicial notice to quarrel with the well-pled facts of the Amended Complaint and legally irrelevant. The Seventh Circuit has clearly held that the most effective way of determining whether an omission inflated or maintained the price of a company's stock "is to observe what happens when the truth is finally disclosed." *Glickenhaus & Co. v. Household Int'l, Inc.*, 787 F.3d 408, 415 (7th Cir. 2015). Here, the stock price collapsed by the end of the Class Period and Defendants do not challenge loss causation. ¶¶103-113. There are still more problems. Unsubstantiated assertions about the implications of stock price movements without admissible expert testimony are not even enough to win a motion for summary judgment. *See e.g.*, *Adair v. Bristol Tech. Sys.*, 179 F.R.D. 126, 135 (S.D.N.Y. 1998); *In re Credit Suisse-AOL Sec. Litig.*, 465 F. Supp. 2d 34, 54-56 (D. Mass. 2006).

Exhibit 5 should be struck.

### IV.     Exhibit 6 – B. Riley Financial Inc. Conference

Exhibit 6 is an alternative transcript of the April 2021 conference where Christophe Bourdon ("Bourdon") made misleading statements about the likelihood of arimoclomol's

5

approval. ¶¶74-77. It was prepared on January 18, 2022, nine months after the conference was held, for the purpose of this litigation. ECF No. 28-6 at 9. Plaintiffs obtained the transcript of this conference from Issuer Direct, the organizer of the event, and stand by what is in the Amended Complaint, which was taken verbatim from Issuer Direct's provided transcript. *See* Ex. 1, attached to the Declaration of Brian P. O'Connell. Regardless, this is yet another improper attempt to insert "alternative facts" at the pleadings stage. It is an abuse of discretion to judicially notice a transcript offered by a defendant when the authenticity is disputed or when there is a dispute regarding what the transcript establishes. See *Khoja*, 899 F.3d at 1000 (reversing dismissal where this very error was made by the district court).

Exhibit 6 should be struck.

## V.     Exhibit 11 – Article in the Journal of Inherited Metabolic Diseases

Defendants request that the Court take judicial notice of Exhibit 11 for the fact that it was published, but that is not what it is being used for. Defs.' Mem. at 12 n.9. Defendants rely on Exhibit 11 to claim that Defendant Bourdon should be excused for withholding the FDA's condemnation of the clinical trial results for a lack of statistical significance since this article that Orphazyme literally paid for might suggest that he had some purported justification for touting the results. Defs.' Mem. at 29. This cannot be allowed. *See Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2019 U.S. Dist. LEXIS 160131, at *29 n.13 (S.D.N.Y. Sep. 18, 2019) (striking academic papers submitted to dispute facts pled in the complaint); *In re Pfizer Inc. Sec. Litig.*, 584 F. Supp. 2d 621, 635-36 (S.D.N.Y. 2008) (refusing to take judicial notice of studies because statistical significance is a question of fact that cannot be resolved on a motion to dismiss).

There are still more problems. Defendants omit that Exhibit 11 is a study funded by Orphazyme and its authors are on Orphazyme's payroll. ECF No. 28-11 at 3, 17. The Court

6

cannot take judicial notice of this biased material for its truth. *See In re Obalon Therapeutics, Inc. Sec. Action*, No. 3:18-cv-0352-AJB-WVG, 2019 U.S. Dist. LEXIS 165086, at *14-15 (S.D. Cal. Sep. 25, 2019) (refusing to take judicial notice of an analyst report that was inherently biased in favor of the defendants); *Hsu*, 213 F. Supp. 3d at 1282-83 (same); *see also In re Iso Ray Sec. Litig.*, 189 F. Supp. 3d 1057, 1072 (E.D. Wash. 2016) (sustaining fraud claims when defendants concealed that they paid for a study because "had the investors known that IsoRay provided the funding, they may have looked at the results with a more skeptical eye and dug deeper regarding the Study results.").

Nor can this biased material provide an escape route even if it had any merit. *See In Transkaryotic Therapies, Inc. Sec. Litig.*, 319 F. Supp. 2d 152, 160 (D. Mass. 2004) (rejecting argument that positive outlook in medical journals immunized fraud because concealing the FDA's contrary view was still a material omission given that investors cared about FDA approval).

Exhibit 11 should be struck.

## VI.     Exhibit 15 – Stock Purchases of Vadsholt's Family Members

Exhibit 15 is a press release purporting to show that Vadsholt's family members bought an insignificant amount of the Company's stock during the Class Period. This material is completely inappropriate. It is a reversible error to consider this irrelevant press release. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607-08 (4th Cir. 2015) (reversing dismissal when the district court improperly drew an inference of innocence from a defendant's stock purchases when the complaint pled a strong inference of reckless misconduct); *see also Kohl's Corp.*, 2015 U.S. Dist. LEXIS 41917, at *13-14 (refusing to take judicial notice of Form 4s showing insider transactions because "Defendants cite the Form 4s not to show what they say, but instead to show that defendants bought or sold an amount of stock during the class period."); *City of Sterling Heights*

*Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 U.S. Dist. LEXIS 19156, at *37-38 (N.D. Ill. Feb. 13, 2013) (refusing to take judicial notice of a defendant's trading activity to draw a pleading inference in defendant's favor).

The Court must strike Exhibit 15.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to strike the Kutcher Declaration or, at least, strike Exhibits 1, 4, 5, 6, 11, and 15.

Dated: March 13, 2022

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Omar Jafri*

Joshua B. Silverman
Omar Jafri (Trial Bar No. 6296816)
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: jbsilverman@pomlaw.com
　　　　ojafri@pomlaw.com
　　　　boconnell@pomlaw.com

**Bronstein, Gewirtz & Grossman, LLC**

Eitan Kimelman
60 E 42nd Street, Suite 4600, New York, New York 10165
Phone: 212-697-6484
Fax: 212-697-7296
Email: eitank@bgandg.com

*Lead Counsel for Plaintiffs*

8

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 11, 2022, I served counsel of record for Defendants by email with a copy of Plaintiffs' Memorandum of Law In Support of the Motion to Strike the Declaration of Matthew L. Kutcher.

Executed on March 13, 2022 in Chicago, Illinois.

>*/s/ Brian P. O'Connell*
>Brian P. O'Connell

9