UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARKO BUSIC and ADIL SHEIKH, *individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ORPHAZYME A/S, CARROLEE BARLOW THOMAS BLAETTLER, MARTIN BONDE, CHRISTOPHE BOURDON, RÉMI DROLLER, GEORGES GEMAYEL, BO JESPER HANSEN, ANDERS HEDEGAARD, MARTIJN KLEIJWEGT, CATHERINE MOUKHEIBIR, MOLLY PAINTER, KIM STRATTON, ANDERS VADSHOLT, and STEN VERLAND,<br><br>Defendants. | Case No. 1:21-CV-03640<br>Honorable Gary Feinerman |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this response to Plaintiffs' Notice of Supplemental authority, filed on August 5, 2022. *See* Dkt. 44. As explained below, *Pardi v. Tricida, Inc.*, No. 4:21-CV-0076, 2022 WL 3018144 (N.D. Cal. July 29, 2022) only underscores that the Amended Complaint should be dismissed.

In *Tricida*, the court dismissed a Section 10(b) claim against a biopharmaceutical company and its CEO as to six out of seven categories of challenged statements, *id.* at *18—largely on grounds that confirm the inadequacy of Plaintiffs' allegations here. *See, e.g.*, *id.* at *12 (rejecting argument that defendants' 2019 statements omitted information the FDA provided in a February 2021 letter as "the very sort of fraud-by-hindsight reasoning that the PSLRA was enacted to avoid"

(citation omitted)). Plaintiffs seize upon the lone category of statements the court found actionable and claim that "[t]his is precisely the kind of actionable yet misleading selective disclosure that Defendants here embraced in the last six months of the Class Period." Notice at 2.

Unlike the defendants in *Tricida*, however, Defendants here promptly disclosed the "most damaging feedback" received from the FDA. *Id.* at 1. On June 18, 2021, just one day after receiving the FDA's Complete Response Letter ("CRL"), Orphazyme issued a press release disclosing not only its receipt of the CRL, but also that the concerns expressed by the FDA in the CRL related "in particular" to the "swallow domain" and to the "validity and interpretation" of the NPCCSS endpoint. Am. Compl. ¶ 78 (Dkt. 23). The June 18, 2021 press release also explained that the FDA would require "additional data . . . beyond the single phase 2/3 clinical trial" for the drug candidate to move forward. *Id.* Defendants' subsequent public statements did not reveal a "misleading selective disclosure." Notice at 2. Instead, in its November 4, 2021 Prospectus Supplement, Orphazyme underscored the same FDA feedback disclosed in the June 18, 2021 press release. *See* Am. Compl. ¶¶ 78, 112; *see* Mem. of L. in Supp. of Defs.' Mot. to Dismiss at 28 (Dkt. 27); Reply Mem. of L. in Supp. of Defs.' Mot. to Dismiss at 11–12 (Dkt. 37).

Plaintiffs' attempts to analogize to *Tricida* fail and cannot salvage the Amended Complaint. The Court should grant the motion to dismiss with prejudice.

Dated: August 10, 2022

Respectfully submitted,

By: */s/ Matthew L. Kutcher*

COOLEY LLP
Matthew L. Kutcher
444 W. Lake Street, Suite 1700
Chicago, IL 60606
Tel: (312) 881-6645
mkutcher@cooley.com

COOLEY LLP
Aric H. Wu (*pro hac vice*)

2

Patrick J. Hayden (*pro hac vice*)
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
ahwu@cooley.com
phayden@cooley.com

*Attorneys for Defendants*