UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARKO BUSIC and ADIL SHEIKH, *individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ORPHAZYME A/S, CARROLEE BARLOW THOMAS BLAETTLER, MARTIN BONDE, CHRISTOPHE BOURDON, RÉMI DROLLER, GEORGES GEMAYEL, BO JESPER HANSEN, ANDERS HEDEGAARD, MARTIJN KLEIJWEGT, CATHERINE MOUKHEIBIR, MOLLY PAINTER, KIM STRATTON, ANDERS VADSHOLT, and STEN VERLAND,<br><br>Defendants. | Case No. 1:21-CV-03640<br>Honorable Gary Feinerman |

## MOTION FOR CLARIFICATION AND/OR RECONSIDERATION BY DEFENDANTS KIM STRATTON AND MOLLY PAINTER

Pursuant to Federal Rule of Civil Procedure 54(b), Defendants Kim Stratton and Molly Painter respectfully move for clarification and/or reconsideration of the Court's August 11, 2022 Memorandum Opinion and Order ("MTD Order") granting in part and denying in part Defendants' motion to dismiss Plaintiffs' Amended Complaint. Doc. 47. For the reasons discussed below, Ms. Stratton and Ms. Painter request that certain remaining claims against them be dismissed because they were no longer employed by any Orphazyme entity at the time the challenged statements underlying those claims were made. Ms. Stratton and Ms. Painter request that these claims be dismissed to the same extent as other claims that were dismissed in the MTD Order—*i.e.*, without prejudice to the leave granted to Plaintiffs to try to "replead the dismissed claims" by September 8, 2022, and with prejudice should the Plaintiffs choose not to file a further amended complaint by September 8. *Id.* at 51. Plaintiffs do not oppose the dismissal of these claims without prejudice,

but request that these claims not be dismissed with prejudice even if Plaintiffs do not attempt to replead the claims by September 8, 2022.

## BACKGROUND

On November 19, 2021, Plaintiffs filed the Amended Complaint (Doc. 23), asserting counts for alleged violations of Sections 11 and 15 of the Securities Act of 1933 relating to alleged misstatements in a September 2020 Registration Statement, Am. Compl. ¶¶ 123–38, and alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 for alleged misstatements between September 2020 and October 2021, *id.* ¶¶ 139–55. The Amended Complaint also asserted that Defendants violated Regulation S-K, *see id.* ¶¶ 61, 66, 93, but did not identify Regulation S-K as an independent claim.[1]

On August 11, 2022, the Court granted in part and denied in part Defendants' motion to dismiss. MTD Order at 1, 51. The Court dismissed the Section 11 and 15 claims in their entirety. *Id.* at 20–21. The Court dismissed the Section 10(b) claim relating to the statements challenged by Plaintiffs, except certain statements in June 2021, including one made by Defendant Orphazyme A/S in a press release, relating to the Complete Response Letter that Orphazyme had received. *Id.* at 42, 49. The Court further determined that "Plaintiffs' Regulation S-K claims may proceed with respect to the Section 10(b) claims that they have adequately pleaded" (*i.e.*, the June 2021 statements), and "may proceed as to Orphazyme's failure to disclose the 'serious extent and nature of the FDA's negative feedback' at the October 2021 Type A meeting.'" *Id.* at 50 (alterations omitted) (quoting Pls.' Opp'n to Motion to Dismiss at 2 (Doc. 31)). Thus, the remaining challenged statements for Plaintiffs' Section 10(b) claim are from June 2021 and October 2021.

---

[1] There is no private right of action under Regulation S-K. *See, e.g.*, *Washtenaw Cnty. Emps.' Ret. Sys. v. Walgreen Co.*, 2016 WL 5720375, *14 (N.D. Ill. Sept. 30, 2016); *Brasher v. Broadwind Energy, Inc.*, 2012 WL 1357699, *13 (N.D. Ill. Apr. 19, 2012).

The Court held that Plaintiffs' Section 20(a) control person claims "may proceed against the company officials named as control persons: Bourdon, Blaettler, Vadsholt, Stratton, and Painter" as to the claims Plaintiffs had adequately pleaded against Orphazyme under Section 10(b). *Id.* at 49. However, Ms. Stratton left Orphazyme in December 2020, Am. Compl. ¶ 17, before the remaining challenged statements by Orphazyme in June and October 2021, and Ms. Painter left Orphazyme in September 2021, *id.* ¶ 30, before the remaining challenged statement by Orphazyme in October 2021.

For the dismissed claims, the Court granted Plaintiffs until September 8, 2022 to replead by filing a further amended complaint. MTD Order at 51. "If Plaintiffs do not amend, the dismissal will convert automatically to a dismissal with prejudice[.]" *Id.*

## <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 54(b) provides, in relevant part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Courts within the Seventh Circuit have concluded that Rule 54(b) provides the appropriate mechanism for addressing a motion for clarification or reconsideration of an order or decision adjudicating fewer than all claims in an action, like the Court's MTD Order here. *See, e.g.*, *Panoramic Stock Images, Ltd v. McGraw-Hill Glob. Educ. Holdings, LLC*, 2015 WL 393381, at *1 (N.D. Ill. Jan. 27, 2015) (reviewing motion for clarification of non-final order under Rule 54(b)); *Loop Paper Recycling, Inc. v. JC Horizon, Ltd.*, 2012 WL 266312, at *1 (N.D. Ill. Jan. 23, 2012) (same). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation

3

omitted). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

## ARGUMENT

Ms. Stratton and Ms. Painter respectfully request clarification or reconsideration of two aspects of the Court's MTD Order.

*First*, because Ms. Stratton left Orphazyme in December 2020, Am. Compl. ¶ 17, before any of the Orphazyme statements that the Court found actionable in June 2021 and October 2021, Ms. Stratton requests that the MTD Order be clarified to dismiss all claims, including the Section 20(a) control person claim, against her. The Amended Complaint states that Plaintiffs' Section 20(a) claim for alleged omissions in Company statements between March 2021 and October 2021 is not asserted against Ms. Stratton, *id.* ¶ 150 (citing ¶¶ 69–93), and Ms. Stratton cannot be held liable as a control person for Company statements made after her departure from the Company, *see, e.g.*, *Brown v. Enstar Grp., Inc.*, 84 F.3d 393, 396 (11th Cir. 1996) ("[A] defendant is liable as a controlling person under section 20(a) if he or she had the power to control the general affairs of the entity primarily liable *at the time the entity violated the securities law* and had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in the primary liability." (emphasis added) (alterations and internal quotation marks omitted)); *Krieger v. Gast*, 1998 WL 677161, at *12 (N.D. Ill. Sept. 22, 1998) (explaining that, under Section 20(a), "control must exist contemporaneously with the underlying violation" of Section 10(b)).

*Second*, because Ms. Painter left Orphazyme in September 2021, Am. Compl. ¶ 30, prior to Orphazyme's October 2021 statement that the Court found actionable under Regulation S-K, Ms. Painter requests that the MTD Order be clarified to dismiss all claims, including the Section

4

20(a) control person claim, against Ms. Stratton relating to the October 2021 statement, *see Brown*, 84 F.3d at 396; *Krieger*, 1998 WL 677161, at *12.

Plaintiffs do not oppose the dismissal without prejudice of these claims against Ms. Stratton and Ms. Painter.  Ms. Stratton and Ms. Painter request that these claims be dismissed to the same extent as other claims that were dismissed in the MTD Order—*i.e.*, without prejudice to the leave granted to Plaintiffs to attempt to "replead the dismissed claims" by September 8, 2022, and with prejudice should the Plaintiffs opt not to file a further amended complaint on or before September 8.  MTD Order at 51.

## **CONCLUSION**

For these reasons, Ms. Stratton and Ms. Painter respectfully request that the Court clarify and/or reconsider its MTD Order to (i) dismiss all claims against Ms. Stratton; (ii) dismiss all claims against Ms. Painter relating to the alleged violation of Regulation S-K in an October 2021 press release by Orphazyme: and (iii) make the dismissals of these claims without prejudice to the leave granted to Plaintiffs in the MTD Order to attempt to "replead the dismissed claims" by September 8, 2022, and with prejudice should the Plaintiffs opt not to file a further amended complaint on or before September 8.

Dated: August 25, 2022

Respectfully submitted,

By: */s/ Matthew L. Kutcher*

COOLEY LLP
Matthew L. Kutcher
444 W. Lake Street, Suite 1700
Chicago, IL 60606
Tel: (312) 881-6645
mkutcher@cooley.com

5

COOLEY LLP
Aric H. Wu (*pro hac vice*)
Patrick J. Hayden (*pro hac vice*)
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
ahwu@cooley.com
phayden@cooley.com

*Attorneys for Defendants Kim Stratton
and Molly Painter*

6