# DECLARATION EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| MARKO BUSIC and ADIL SHEIKH, *individually and On Behalf of All Others Similarly Situated*, <br><br> Plaintiffs, <br><br> v. <br><br> ORPHAZYME A/S, CARROLEE BARLOW THOMAS BLAETTLER, MARTIN BONDE, CHRISTOPHE BOURDON, RÉMI DROLLER, GEORGES GEMAYEL, BO JESPER HANSEN, ANDERS HEDEGAARD, MARTIJN KLEIJWEGT, CATHERINE MOUKHEIBIR, MOLLY PAINTER, KIM STRATTON, ANDERS VADSHOLT, and STEN VERLAND, <br><br> Defendants. | Case No. 1:21-CV-03640 <br><br><br> **DECLARATION OF OMAR JAFRI IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

I, OMAR JAFRI, declare as follows pursuant to 28 U.S.C. §1746:

1. I am a partner at the firm of Pomerantz LLP ("Pomerantz"), Lead Counsel in the above-captioned litigation. I have overseen Pomerantz's prosecution of this Action, and have personal knowledge of the facts asserted herein.

2. A copy of Pomerantz's resume was previously filed with the Court and is available at ECF No. 13-5.

3. Pomerantz has actively engaged in the prosecution of the Action. Before reaching agreement in principle to settle this Action, Pomerantz had, among other things: (1) conducted an extensive investigation, including reviewing publicly available information about Orphazyme and interviewing former Company employees; (2) prepared a detailed, 58-page amended complaint;

(3) successfully briefed and argued in opposition to Defendants' motion to dismiss; (4) further investigated and pleaded statements in a second amended complaint; (5) briefed and argued in opposition to Defendants' motion to dismiss the second amended complaint; (6) consulted with experts on the drug approval process, loss causation and damages; and (7) negotiated the terms of the Settlement as set forth in the Stipulation over the course of several months.

4. The chart below summarizes the hours, rate, and lodestar of each Pomerantz attorney who worked on this matter.

5. The total number of hours spent on the litigation of the Action by my firm through today's date is 914.02. The total lodestar amount for attorney and paralegal time based on the firm's current rates is $775,334.75. A breakdown of the lodestar is set forth in the chart below:

**Total Hours and Lodestar**

| NAME AND STATUS | TOTAL HOURS | RATE | TOTAL LODESTAR |
|---|---|---|---|
| Joshua B. Silverman (P) | 63.90 | $1,100.00 | $70,290.00 |
| Alex Hood (P) | 2.30 | $975.00 | $2,242.50 |
| Omar Jafri (P) | 415.30 | $975.00 | $404,917.50 |
| James LoPiano (A) | 18.27 | $550.00 | $10,048.50 |
| Brian O'Connell (A) | 400.50 | $700.00 | $280,350 |
| Genc Arifi (A) | 10.50 | $600.00 | $6,300 |
| Jack Lo (PL) | 3.25 | $365.00 | $1,186.25 |
| **Total:** | **914.02** | | **$775,334.75** |

(P) – Partner; (A) – Associate; (PL) – Paralegal

6. Pomerantz incurred a total of $73,826.78 in unreimbursed expenses in connection with the prosecution of this litigation, including $2,000 in anticipated litigation expenses associated with the remaining activities in this Action. They are broken down as follows:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Expert Fees | $50,940.54 |

| | |
|---|---:|
| Private Investigator Fees | $8,294.50 |
| Legal Research Fees | $8,192.85 |
| Court Filing, Court Reporter, and Transcript Fees | $456.75 |
| FedEx and Postage | $58.17 |
| Travel/Transportation/Hotels | $189.80 |
| Meal and Conferences | $78.94 |
| Overtime-Clerical | $347.28 |
| Press Releases and Newswires | $2,612.00 |
| Photocopy | $128.20 |
| Transcript Service Fees and FOIA Fee | $527.75 |
| **Total:** | $71,826.78 |

7.      The expenses incurred are reflected in the books and records contemporaneously prepared by the firm.  These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred.  I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount. The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

8.      Pomerantz's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application.  None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

I declare that the foregoing is true and correct.

Executed on January 17, 2024.

*/s/Omar Jafri*

Omar Jafri, Esq.