**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARKO BUSIC and ADIL SHEIKH, *individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ORPHAZYME A/S, CARROLEE BARLOW THOMAS BLAETTLER, MARTIN BONDE, CHRISTOPHE BOURDON, RÉMI DROLLER, GEORGES GEMAYEL, BO JESPER HANSEN, ANDERS HEDEGAARD, MARTIJN KLEIJWEGT, CATHERINE MOUKHEIBIR, MOLLY PAINTER, KIM STRATTON, ANDERS VADSHOLT, and STEN VERLAND,<br><br>Defendants. | Case No. 1:21-CV-03640<br><br>Judge John F. Kness |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION, AND THEIR
APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT
OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS**

Lead Plaintiff Marko Busic and additional Plaintiff Adil Sheikh (collectively the "Plaintiffs"), on behalf of themselves and the Settlement Class,[1] respectfully submit this reply in further support of their Unopposed Motion for Final Approval of Class Action Settlement and their Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement Awards to Plaintiffs, which were filed on January 17, 2024. *See* ECF Nos. 77-80. This reply[2] is supported by the Supplemental Declaration of Jack Ewashko Regarding Notice Administration (the "Supp. Mailing Decl."), attached hereto as Exhibit 1.

## I.      Preliminary Statement

Final approval is warranted because the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $2,500,000. This cash payment, which represents approximately 6.12% of the $40.86 million that Plaintiffs' experts have estimated would be the maximum likely recovery using the standard two trader model based on the claims that have been sustained, is a good result for the Settlement Class, especially in light of the precarious financial position of the Company. As detailed in Plaintiffs' and Lead Counsel's opening papers (ECF Nos. 77-80), the Settlement is the

---

[1] The "Settlement Class" consists of all persons or entities who (i) purchased or otherwise acquired Orphazyme's American Depository Shares ("ADS") pursuant and/or traceable to Orphazyme's Registration Statement issued in connection with its September 2020 initial public offering ("IPO"); and/or (ii) purchased or otherwise acquired Orphazyme's ADS between September 29, 2020 and November 4, 2021, both dates inclusive. Excluded from the Settlement Class are Defendants; members of their immediate families and their affiliates; any entity in which any Defendant had a controlling interest during the Settlement Class Period; any person who served as an officer or director of Orphazyme during the Settlement Class Period; and the successors, heirs, and assigns of any excluded person. Also excluded from the Settlement Class are those Persons who submit a request for exclusion from the Settlement Class in such form and manner, and within such time, as the Court prescribes.

[2] All capitalized terms herein shall have same meanings as ascribed to them in the Stipulation and Agreement of Settlement dated April 28, 2023 and filed with the Court on May 12, 2023, (ECF No. 71-1) ("Stipulation"), unless indicated otherwise.

1

product of hard-fought litigation and extensive arm's-length negotiations, and represents a favorable result for the Settlement Class in light of the substantial challenges that Plaintiffs would have faced in proving liability and recovering damages.

Plaintiffs have satisfied all elements of the Notice program authorized by this Court in its Preliminary Approval Order, providing Settlement Class Members reasonable notice in plain language of the terms of the Settlement, the Plan of Allocation, and their opportunity to object to or seek exclusion from the Settlement. Approximately 81,149 Postcard Notices were mailed to potential Settlement Class Members and their nominees, and the Summary Notice was published on a national business newswire. Supp. Mailing Decl. at ¶4. Additionally, copies of the Notice, Proof of Claim Form, and other key documents were made available on a website for Settlement Class Members to review. Finally, a toll-free hotline was established to answer questions of potential claimants. *See*, *generally,* Supp. Mailing Decl. at ¶¶7-9. Thus, the Notice provided constitutes the best notice practicable under the circumstances and satisfies the requirements of due process, Federal Rule of Civil Procedure 23, and the Private Securities Litigation Reform Act of 1995.

The reaction of the Settlement Class confirms that the Settlement is a good result. The Court-ordered deadline for Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, Attorneys' Fees and Litigation Expenses, or Plaintiffs' requested reimbursement awards, or to opt-out of the Settlement, elapsed on January 17, 2024. ECF No. 75 at ¶¶12-13. As of this filing, 15,671 Proofs of Claim have been received by the Claims Administrator on behalf of purported Settlement Class Members seeking recovery under the Settlement, and no objections to the Settlement have been received. Supp. Mailing Decl. at ¶¶8-10. One person seeks to be excluded from the Settlement. The absence of objections and near total

lack of opt-outs, along with the benefits provided to Settlement Class Members by the Settlement, support final approval of the Settlement by the Court.[3]

Accordingly, Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees, expenses and reimbursement awards to Plaintiffs.

## II.     The Absence of Objections Strongly Supports Final Approval

A small number of objections is "strong circumstantial evidence supporting the fairness of the settlement." *See, e.g.*, *In re Sears, Roebuck & Co. Front-loading Washer Prods. Liab. Litig.*, No. 06 C 7023, 2016 WL 772785, at *11 (N.D. Ill. Feb. 29, 2016) (characterizing three objections as a "small number") (citation omitted); *see also Swift v. Direct Buy, Inc.*, No. 2:11-CV-401-TLS, 2013 WL 5770633, at *6 (N.D. Ind. Oct. 24, 2013) (noting that "limited opposition to the Settlement Agreement among affected parties . . . also favors settlement") (citation omitted); *Mangone v. First USA Bank*, 206 F.R.D. 222, 227 (S.D. Ill. 2001) (approving settlement with 97 objections and approximately 19,637 optouts). Here the total absence of objections is strong evidence of the fundamental fairness of the Settlement, Plan of Allocation, requests for attorneys' fees and litigation expenses, and requests for reimbursement awards to Plaintiffs.

Here, a robust notice program was implemented to reach as many absent Settlement Class Members as practicable and included mailing 81,419 Postcard notices to identifiable Class Members or their nominees, publishing summary notice over *PR Newswire*, and publishing all documents relevant to the Settlement on the Claims Administrator's website. *See* Supp. Mailing

---

[3] Attached as Exhibit 2 is a revised Proposed Order for final approval of the Settlement that adds applicable dates and specifies that no Settlement Class Member objected to the Settlement, but is otherwise identical to the Proposed Order previously submitted and filed as ECF No. 71-3.

Decl. at ¶¶3-6. The Notice provided here identified, among other things, the maximum amounts that would be sought for Attorneys' Fees and Litigation Expenses and for reimbursement awards to Plaintiffs, thus affording Settlement Class Members the opportunity to object if they considered any portion unreasonable. *See* ECF No. 80-1.

No objections to any aspect of the Settlement, Plan of Allocation, Attorneys' Fees and Litigation Expenses, or Plaintiffs' requested reimbursement awards have been served or filed on Lead Counsel, the Claims Administrator, or the Court. Courts in this Circuit have consistently recognized that a lack of objections supports final approval. *See, e.g.*, *Beesley v. Intl. Paper Co.*, No. 3:06-CV-703-DRH-CJP, 2014 WL 375432, at *1 (S.D. Ill. Jan. 31, 2014) (noting the lack of "any meaningful number of objections" is "an unmistakable sign of the Class's overwhelming support for Lead Counsel's Application."); *George v. Kraft Foods Glob., Inc.*, No. 1:07-CV-1713, 2012 WL 13089487, at *1 (N.D. Ill. June 26, 2012) (similar).

## III. The Near Total Absence of Exclusions Supports Final Approval

To date, only one request to be excluded from the Settlement has been received. *See* Supp. Mailing Decl. at ¶8.[4] This constitutes an opt out rate of below .1%. That nearly all eligible investors remain in the Settlement Class strongly supports final approval. *See, e.g.*, *Sears*, 2016 WL 772785, at *11 (describing as "minuscule" opposition to the settlement that included 59 opt-outs from 542,000 potential class members noticed); *Kaufman v. Am. Express Travel Related Servs.*, Co., No. 07-CV-1707, 2016 WL 806546, at *8 (N.D. Ill. Mar. 2, 2016), *aff'd sub nom. Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 877 F.3d 276 (7th Cir. 2017) (an opt out rate of .1% or 100 exclusions, was low and supported the settlement).

---

[4] The exclusion is attached to the Supplemental Mailing Declaration as Exhibit A and to the Proposed Order and Final Judgment.

## IV.    Conclusion

For all the reasons stated herein, and in the memorandum of law in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and in their Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement Awards to Plaintiffs (ECF Nos. 77-80), Plaintiffs respectfully request the Court to enter the attached Proposed Order and Final Judgment.


 Dated:   January 31, 2024


Respectfully submitted,

**POMERANTZ LLP**

*/s/ Brian P. O'Connell*

Joshua B. Silverman
Omar Jafri
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:   jbsilverman@pomlaw.com
         ojafri@pomlaw.com
         boconnell@pomlaw.com


*Lead Counsel for Plaintiffs*

**Bronstein, Gewirtz & Grossman, LLC**

Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax:    212-697-7296
Email: eitank@bgandg.com

*Additional Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on January 31, 2024, I served a copy of Reply Memorandum of Law In Further Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Plan of Allocation, and their Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement Awards to Plaintiffs, to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on January 31, 2024

*/s/ Brian P. O'Connell*