**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARKO BUSIC and ADIL SHEIKH,
*individually and on Behalf of All Others
Similarly Situated*,

Plaintiffs,

v.

ORPHAZYME A/S, CARROLEE BARLOW
THOMAS BLAETTLER, MARTIN BONDE,
CHRISTOPHE BOURDON, RÉMI
DROLLER, GEORGES GEMAYEL, BO
JESPER HANSEN, ANDERS HEDEGAARD,
MARTIJN KLEIJWEGT, CATHERINE
MOUKHEIBIR, MOLLY PAINTER, KIM
STRATTON, ANDERS VADSHOLT, and
STEN VERLAND,

Defendants.

Case No. 1:21-CV-03640

Judge John F. Kness

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR DISTRIBUTION OF SETTLEMENT FUND**

Lead Plaintiff Marko Busic, and additional Plaintiff Adil Sheikh ("Plaintiffs"), on behalf

of themselves and all others similarly situated, respectfully move the Court to issue an Order that

authorizes distribution of the Net Settlement Fund[1] in the form proposed and submitted herewith.

Based on the Claims Administrator's analysis of the Proofs of Claim submitted in this

Action, 6,519 claimants have submitted valid and properly documented claims ("Authorized

Claimants"), of which 6,421 were timely submitted.  Plaintiffs now seek to distribute the Net

Settlement Fund to the Authorized Claimants on a *pro rata* basis.

---

[1] All capitalized terms have the same meaning as those defined in the Stipulation of Settlement
filed at ECF No. 71-1.

- 1 -

For the reasons set forth in detail below, this proposed distribution is appropriate and Plaintiffs respectfully submit that it should be approved.

## I.    Claims Administration

On February 6, 2024 the Court held a Final Approval Hearing to consider the proposed Settlement.  By Judgment and Order of Final Approval dated February 7, 2024 ("Final Order"), the Court approved the Parties' $2,500,000 settlement as fair, reasonable, and adequate.  ECF No. 85.

Under the terms of the Settlement Stipulation, the Settlement Fund was established for the settlement of the claims asserted against Defendants.  All Settlement Class Members wishing to participate in the Settlement were required to submit Proofs of Claim, postmarked no later than January 17, 2024 together with adequate supporting documentation for the transactions and holdings reported therein.  *See* Declaration of Jack Ewashko on Behalf of A.B. Data, Ltd. in Support of Plaintiffs' Motion for Distribution of Settlement Fund ("Ewashko Declaration"), filed herewith as Exhibit 1, at ¶ 5.  As a result of a very effective notice program, A.B. Data, Ltd. ("A.B. Data")  – the Court-appointed Claims Administrator – received 15,822 Proofs of Claim as of August 20, 2024.  *Id*.  As demonstrated by the Ewashko Declaration, A.B. Data reviewed all submitted claims and, to the extent that a claim was deficient in any regard, A.B. Data notified the claimant of the deficiency and advised the claimant as to the possible ways to cure the deficiency. *Id.* at ¶¶ 6, 19-27.  Attached as Exhibit C to the Ewashko Declaration is an example of the notice of rejection letter used to notify claimants of the rejection of their claims in part or whole.

As a result of the claims handling process explained above, A.B. Data determined that 9,303 claims are ineligible to receive a distribution.  Of those ineligible claims, (a) 289 had no purchases of Orphazyme ADS during the Class Period; (b) 8,991 did not result in a Recognized

Claim (i.e., a validly documented claim for which the trades resulted in a Recognized Loss) under the Court-approved Plan of Allocation; (c) 9 were replaced claims (that received a deficiency notice and produced an updated claim which replaced the original); (d) 14 were duplicates. *See* Ewashko Declaration at ¶ 35.

A.B. Data has accepted 6,519 Claims (*i.e.*, 6,421 timely submitted and valid Claims and 98 late but otherwise eligible Claims), representing a total Recognized Loss amount of $25,026,910.07. *Id*. at ¶¶ 33-34. The total Recognized Loss amount for the 98 late but otherwise eligible Claims is $751,245.53, or 3.0% of the total Recognized Loss amount. *Id*. Plaintiffs' Counsel informs the Court that no delay has resulted from the acceptance of these late Claims. Moreover, Plaintiffs' Counsel believes that, when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, Plaintiffs' Counsel respectfully requests the Court to approve the administrative determination not to reject claims submitted after the January 17, 2024 submission deadline because of untimeliness.

However, there must be a final cut-off date after which no more claims can be accepted in order that there may be a fair and proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this motion would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an Order directing that no claim received after August 20, 2024 be accepted for any reason whatsoever. *See id*. at ¶ 29. For these reasons, Plaintiffs respectfully request the Court to approve the administrative determinations accepting and rejecting claims as set forth herein.

## II. Distribution of Net Settlement Fund

Plaintiffs also respectfully request that the Court enter an order directing and authorizing the initial distribution of the balance of the Settlement Fund plus interest accrued thereon (after deduction of fees and expenses previously awarded and requested herein and any taxes owing) to the Settlement Class Members whose 6,519 claims have been accepted as set forth on the list of accepted claims submitted with the Ewashko Declaration, in proportion to their Recognized Loss as shown therein. *See* Ewashko Declaration at ¶¶ 33-34, 36 & Exhibits F and G thereto. As indicated in the Ewashko Declaration, the total Recognized Losses of all 6,519 eligible claims computed in accordance with the Plan of Allocation set forth in the Notice are $25,026,910.07. *Id*. at ¶¶ 33-34.

Should the Court concur with A.B. Data's administrative determinations about the claims recommended for acceptance and rejection, Plaintiffs' Counsel recommends the following distribution plan:

a) Per the Plan of Allocation, each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants, including the 98 late-but-otherwise-eligible claims if those claims are deemed valid by the Court. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $20.00;

b) To encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses related to unpaid distribution checks, all checks should bear a notation "DEPOSIT PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF

DISTRIBUTION." Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation;

c) If any funds remain in the Net Settlement Fund because of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least nine (9) months after the initial distribution of such funds will be used in the following fashion, if economically feasible: (i) first, to pay any additional settlement administration expenses and (ii) second, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00, after payment of the estimated expenses to be incurred in administering the Net Settlement Fund and in making this second distribution. These redistributions shall be repeated, if economically feasible, until Plaintiffs' Counsel, in consultation with A.B. Data, determines that such further distributions are no longer economically feasible;

d) Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such checks will be available for re-distribution to other Authorized Claimants in subsequent distributions if such distributions are determined to be economically feasible;

e) At such time as Plaintiffs' Counsel, in consultation with A.B. Data, determines that further distribution of the funds remaining in the Net Settlement Fund to Authorized

- 5 -

Claimants is not cost-effective, any funds that remain after payment of any unpaid administration fees or expenses, taxes and tax preparation costs, and escrow fees, will be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Plaintiffs' Counsel and approved by the Court. *See* Ewashko Declaration ¶ 37.

III. **Release of Claims**

To ensure the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement, and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, their counsel, Defendants, their counsel, the Claims Administrator, the Escrow Agent or any other person involved in the administration or taxation of the Settlement Fund or Net Settlement Fund, beyond the amounts allocated to such Settlement Class Member by this Court's Orders. *See Shah v. Zimmer Biomet Holdings, Inc.*, No. 3:16-CV-815-PPS-MGG, 2020 WL 7392796, at *2 (N.D. Ind.

Dec. 14, 2020) (approving release in securities fraud settlement); *Patriot Nat'l, Inc. Sec. Litig.*,

No. 1:17-cv-01866-ER, 2021 WL 1040462, at \*2 (S.D.N.Y. Mar. 18, 2021) (same).

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that this Court grant their Unopposed

Motion for Distribution of Settlement Fund.

Dated: August 29, 2024          */s/ Brian P. O'Connell*

         **POMERANTZ LLP**

         Omar Jafri
         Brian P. O'Connell
         Ten South La Salle Street, Suite 3505
         Chicago, Illinois 60603
         Telephone: (312) 377-1181
         E-mail: pdahlstrom@pomlaw.com
                  ojafri@pomlaw.com
                  boconnell@pomlaw.com

             -and-

         Jeremy A. Lieberman
         J. Alexander Hood II
         600 Third Avenue, 20th Floor
         New York, New York 10016
         Telephone: (212) 661-1100
         Facsimile: (212) 661-8665
         E-mail: jalieberman@pomlaw.com
                 ahood@pomlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 29, 2024, I served a copy of the foregoing to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on August 29, 2024.

/s/ *Brian P. O'Connell*
Brian P. O'Connell